UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| SANDRA BRUNO, on behalf of herself and similarly situated employees, *Plaintiff*, v. WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A., *Defendant*. | Civil Action No. _____ INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT Jury Trial Demanded Electronically Filed |

---

### INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and comparable wage laws in states other than Pennsylvania[1].

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

---

[1] Excluding California: this action specifically excludes claims under California law.

## Parties

4. **Plaintiff Sandra Bruno** resides at 4150 Ewalt Road, Apt. 11, Gibsonia, PA 15044. Plaintiff worked for Defendant Wells Fargo Bank, N.A., specifically the Home Mortgage Division, from in or about November 2015 until in or about November 2017, reporting to the North Hills, PA, office.

5. Plaintiff regularly performed work within the state of Pennsylvania.

6. Plaintiff regularly performed work for clients of Defendant's who resided in Pennsylvania and other states.

7. **Defendant Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.**, is a division of a national bank providing online and mobile banking, home mortgage, loans and credit, investment, retirement, wealth management, and insurance services throughout the United States. Defendant serves commercial, retail and institutional customers throughout the United States. Defendant maintains its headquarters at 101 North Phillips Avenue, Sioux Falls, SD 57104.

8. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has been subject to the provisions of Section 203(s)(1) of the FLSA.

9. Defendant regularly employs individuals in the state of Pennsylvania and other states, including Plaintiff, in the performance of work on behalf of Defendant and is subject to the provisions of the PMWA and comparable wage laws in states other than Pennsylvania.

**Statement of Claims**

10. Defendant hired Plaintiff as a Mortgage Consultant[2] in or about November 2015.

11. Plaintiff performed her work primarily from her home.

12. Plaintiff was managed by the executives/managers at Defendant's North Hills, PA, office.

13. As a Mortgage Consultant, Plaintiff's primary duty was inside sales and sales support performed from her home office, including assisting Defendant's customers with their mortgage applications, advising customers about available loan products, programs, rates, policies, underwriting requirements and loan procedures, and selling Defendant's various mortgage-related products to Defendant's customers.

14. Plaintiff's primary duty was, therefore, "inside sales" within the meaning of the FLSA.

15. Plaintiff was non-exempt within the meaning of the FLSA and the PMWA and comparable wage laws in other states.

16. Defendant classified Plaintiff as non-exempt within the meaning of the FLSA and PMWA and comparable wage laws in other states.

17. Plaintiff regularly worked overtime (more than 40 hours) in workweeks during her employment.

18. From November 2015 until she left the company in November 2017 Plaintiff was paid what the Defendant described as a $2,000 monthly draw against commissions. However, the draw was explicitly based on a regular rate of pay of $12 per hour with an additional $6 per hour for overtime hours.

---

[2] Mortgage Consultants are also given the title of Home Mortgage Consultant, Home Mortgage Consultant, Jr., Private Mortgage Banker or Private Mortgage Banker, Jr., and, for purposes of this lawsuit and the definition of the "collective/class" the term "Mortgage Consultant" includes each of these various titles.

19. Defendant applied three policies, common to not only Plaintiff but other Mortgage Consultants (see ¶¶ 35-56, below), that resulted in violations of the overtime provisions of the FLSA, PMWA and comparable wage laws in other states.

20. First, as a matter of policy Defendant withheld from Plaintiff's pay certain overhead expenses, including but not limited to expenses for mailings and advertising.

21. Defendant withheld these overhead expenses in all workweeks, non-overtime and overtime workweeks alike.

22. Defendant withheld these overhead expenses in all workweeks regardless of whether Plaintiff actually incurred any of these expenses or derived any benefit from them.

23. Second, with respect to time-keeping of hours worked Plaintiff recorded what she was instructed to record as hours worked for Defendant.

24. However, as a matter of policy Defendant knowingly failed to properly instruct Plaintiff as to what was or was not compensable work time within the meaning of the FLSA or the PMWA or comparable wage laws in other states.

25. As a result Plaintiff regularly did not record all hours worked, especially preliminary time, break time and postliminary time such as working in the evenings and on weekends or continuous work time not interrupted by breaks of greater than 20 minutes.

26. Defendant knew Plaintiff was working more time than what she recorded, and knew that its instructions to Plaintiff as to what time was compensable was inadequate if not misleading, but continued to suffer and permit Plaintiff to work this unrecorded time.

27. Defendant did not pay Plaintiff for this unrecorded time, straight time or overtime.

28. Third, Defendant failed, as a matter of policy, to take into account all overtime hours worked in calculating the proper overtime rate to be paid on the commissions earned by

Plaintiff in overtime weeks.

29. Defendant knew it was not properly calculating the additional pay earned by Plaintiff on commissions in overtime weeks.

30. As a result of these three policies Defendant failed to pay Plaintiff at the proper regular rate of pay or the proper overtime rate for her overtime hours worked.

31. Defendant knowingly and intentionally violated the FLSA's mandate for overtime pay. 29 U.S.C. § 207.

32. Defendant also failed to maintain accurate records of the time worked by Plaintiff.

33. Defendant knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked.

34. Defendant also knowingly and intentionally violated the PMWA with respect to Plaintiff.

## Collective/Class Action Averments

35. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

36. There are more than 1,000 Mortgage Consultants, like Plaintiff, who have been employed by Defendant as "inside sales persons" since May 2016.

37. The other Mortgage Consultants, like Plaintiff, have been paid according to the same pay policy (monthly draw against commissions based on an hourly rate of pay and ½ rate for overtime hours) since at least May 2016.

38. The primary duty of the other Mortgage Consultants, like Plaintiff, was and is sales and sales support performed from their home office, including assisting Defendant's customers with their mortgage applications, advising customers about available loan

products, programs, rates, policies, underwriting requirements and loan procedures, and selling Defendant's various mortgage-related products to Defendant's customers.

39. Thus, the other Mortgage Consultants' primary duty, like Plaintiff, was "inside sales" within the meaning of the FLSA, the PMWA and comparable wage laws in other states.

40. The 1,000+ Mortgage Consultants have, like Plaintiff, been non-exempt within the meaning of the FLSA and the PMWA and comparable wage laws in other states.

41. The 1,000+ Mortgage Consultants have, like Plaintiff, been classified as non-exempt by Defendant.

42. Since May 2016 the other Mortgage Consultants have, like Plaintiff, regularly worked more than forty hours per week.

43. The three policies applied by Defendant to Plaintiff (see ¶¶ 20-29, above) have also been applied to the other Mortgage Consultants.

44. First, as a matter of policy Defendant has withheld from the other Mortgage Consultants' pay, similar to Plaintiff's pay, certain overhead expenses, including but not limited to expenses for mailings and advertising.

45. Defendant has withheld these overhead expenses from the other Mortgage Consultants' pay in all workweeks, non-overtime and overtime workweeks alike.

46. Defendant has withheld these overhead expenses from the other Mortgage Consultants' pay in all workweeks regardless of whether the other Mortgage Consultants, like Plaintiff, actually incurred any of these expenses or derived any benefit from these expenses.

47. Second, as a matter of policy, the other Mortgage Consultants, like Plaintiff, have recorded what they were instructed to record as hours worked for Defendant.

48. However, as a matter of policy Defendant has knowingly failed to properly instruct the other Mortgage Consultants, like Plaintiff, as to what was or was not compensable work time within the meaning of the FLSA or the PMWA or comparable wage laws in other states.

49. As a result the other Mortgage Consultants, like Plaintiff, have regularly not recorded all hours worked, especially preliminary time, break time and postliminary time such as working in the evenings and on weekends or continuous work time not interrupted by breaks of greater than 20 minutes.

50. Defendant knew the other Mortgage Consultants, like Plaintiff, were working more time than what they recorded, and knew that its instructions to the other Mortgage Consultants as to what time was compensable was inadequate if not misleading, but continued to suffer and permit the other Mortgage Consultants, like Plaintiff, to work this unrecorded time.

51. Defendant did not pay the other Mortgage Consultants, like Plaintiff, for this unrecorded time, straight time or overtime.

52. Third, Defendant has also failed, as a matter of policy, to take into account all overtime hours worked in calculating the proper overtime rate to be paid on the commissions earned by the other Mortgage Consultants, like Plaintiff, in overtime weeks.

53. Defendant knew it was not properly calculating the additional pay earned by the other Mortgage Consultants, like Plaintiff, on commissions in overtime weeks.

54. As a result of these common policies Defendant has knowingly and intentionally failed to pay the 1,000+ Mortgage Consultants for their overtime hours either at the proper regular rate of pay or proper overtime rate.

55. Defendant's failure to pay the proper regular rate and overtime rate for overtime hours to

the 1,000+ Mortgage Consultants employed by Defendant over the past three years, and its failure to maintain accurate records of time worked, has been in violation of the FLSA and the PMWA and comparable wage laws in other states.

56. Defendant has knowingly and intentionally violated the FLSA and PMWA and comparable wage laws in other states.

## COUNT I:  VIOLATION OF THE FLSA: OVERTIME AND RECORD-KEEPING
### Individual and Collective Action

57. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

58. Plaintiff and all other similarly situated Mortgage Consultants are current or former employees of Defendant within the meaning of the FLSA.

59. Defendant is an employer within the meaning of the FLSA.

60. Plaintiff and all other similarly situated Mortgage Consultants are non-exempt within the meaning of the FLSA.

61. Plaintiff and all other similarly situated Mortgage Consultants have been subjected to the common corporate pay policy of a draw against commissions.

62. Plaintiff and all other similarly situated Mortgage Consultants have regularly worked more than forty hours per week.

63. Plaintiff and all other similarly situated Mortgage Consultants have been subjected to the same common pay and time-keeping policies (see ¶¶ 20 to 29, above).

64. As a result of the common policies described above Defendant has violated the overtime provisions of the FLSA with respect to Plaintiff and the other Mortgage Consultants by: (1) unlawfully reducing pay in overtime weeks; (2) suffering and permitting Plaintiff and the other Mortgage Consultants to work off-the-clock without compensation; and (3)

improperly calculating the proper overtime rate to be paid on the commissions earned in overtime weeks.

65. As a result of these common policies Defendant has failed to pay Plaintiff and all other similarly situated Mortgage Consultants at the proper regular rate of pay (straight time) in overtime weeks.

66. As a result of these common policies Defendant has failed to pay Plaintiff and all other similarly situated Mortgage Consultants at the proper overtime rate (time-and-one-half the regular rate of pay) for overtime hours.

67. As a result of these common policies Defendant has also failed to maintain accurate records of time worked for Plaintiff and all other similarly situated Mortgage Consultants.

68. Defendant's failure to pay the proper straight rate and the proper overtime rate, and failure to maintain accurate records of time worked, has violated and continues to violate the FLSA.

69. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime and time-keeping requirements.

70. Plaintiff and all other similarly situated Mortgage Consultants are entitled to recover from Defendant the straight rate and overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

71. Plaintiff and all other similarly situated Mortgage Consultants are also entitled to recover liquidated damages under 29 U.S.C. §§207(a) and 216(b).

**COUNT II:  VIOLATION OF THE PMWA (43 P.S. §§ 333.104(c) & 333.113)
AND COMPARABLE STATE WAGE LAWS[3]
Individual and Class Action**

72. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

73. Plaintiff and all other similarly situated Mortgage Consultants are current or former employees of Defendant within the meaning of the PMWA and comparable wage laws in other states.

74. Defendant is an employer within the meaning of the PMWA and comparable wage laws in other states.

75. Plaintiff and all other similarly situated Mortgage Consultants are non-exempt within the meaning of the PMWA and comparable wage laws in other states.

76. Plaintiff and all other similarly situated Mortgage Consultants have been subjected to the common corporate pay policy of a draw against commissions based upon an hourly rate of pay and ½ rate for overtime.

77. Plaintiff and all other similarly situated Mortgage Consultants have regularly worked more than forty hours per week.

78. Plaintiff and all other similarly situated Mortgage Consultants have been subjected to the same common pay and time-keeping policies (see ¶¶ 20 to 29, above).

79. As a result of the common policies described above Defendant has violated the overtime provisions of the PMWA and comparable wage laws in other states with respect to Plaintiff and the other Mortgage Consultants by: (1) unlawfully reducing pay in overtime weeks; (2) suffering and permitting Plaintiff and the other Mortgage Consultants to work off-the-clock without compensation; and (3) improperly calculating the proper overtime rate to be paid on the commissions earned.

---

[3] As noted above this does not include California wage laws.

80. As a result of these common policies Defendant has failed to pay Plaintiff and all other similarly situated Mortgage Consultants at the proper regular rate of pay (straight time) in overtime weeks.

81. As a result of these common policies Defendant has failed to pay Plaintiff and all other similarly situated Mortgage Consultants at the proper overtime rate (time-and-one-half the regular rate of pay) for overtime hours.

82. As a result of these common policies Defendant has also failed to maintain accurate records of time worked for Plaintiff and all other similarly situated Mortgage Consultants.

83. Defendant's failure to pay the proper straight rate and the proper overtime rate, and failure to maintain accurate records of time worked, has violated and continues to violate the PMWA and comparable wage laws in other states.

84. For at least the past three years, Defendant's violations of the PMWA and comparable wage laws in other states are knowing, willful, and in reckless disregard of the overtime and time-keeping requirements.

85. Plaintiff and all other similarly situated Mortgage Consultants are entitled to recover from Defendant the straight rate and overtime pay improperly withheld by Defendant, plus interest, liquidated damages (where allowed), attorneys' fees, and costs.

**PRAYER FOR RELIEF**

86. WHEREFORE, Plaintiff and all others similarly situated respectfully request that this Court:
    A. Order Defendant to pay the straight rate compensation owed to Plaintiff and all other similarly situated Mortgage Consultants;
    B. Order Defendant to pay the proper overtime compensation owed to Plaintiff and all other similarly situated Mortgage Consultants;

C. Order Defendant to pay liquidated damages to Plaintiff and all other similarly situated Mortgage Consultants;

D. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated Mortgage Consultants; and,

E. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
THE EMPLOYMENT RIGHTS GROUP, LLC
100 First Avenue, Suite 650
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763/Fax: (412) 774-1994

John R. Linkosky, Esq.
PA ID No. 66011
JOHN LINKOSKY & ASSOCIATES
715 Washington Avenue
Carnegie, PA  15106
linklaw@comcast.net
Tel.: (412) 278-1280/Fax: (412) 278-1282

Dated: May 17, 2019

*Counsel for Plaintiff
and all others similarly situated*