IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA BRUNO, on behalf of herself and similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Civil Action No. 2:19-cv-00587-RJC |

**ORDER GRANTING WELLS FARGO'S EXPEDITED MOTION TO CERTIFY INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

Having considered Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to certify interlocutory appeal under 28 U.S.C. § 1292(b), the opposition, evidence, and the arguments of counsel, if any, the Court finds that the Arbitration Question and its March 15, 2021 Memorandum and accompanying Order (Dkt. Nos. 127 and 128) satisfy the criteria for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Therefore, the Court certifies the following question (the "Arbitration Question") for immediate appeal under 28 U.S.C. § 1292(b):

> Do district courts have discretion to send, or to require or authorize the parties to send, notice of a pending FLSA collective action to individuals who have waived their right to participate in a collective action through a valid and enforceable arbitration agreement?

The Court finds that the interaction at the conditional certification stage between the Fair Labor Standards Act, the Federal Arbitration Act, and Supreme Court precedent is a pure question of law, the resolution of which has the potential to affect whether approximately 3,900 Home Mortgage Consultants ("HMCs") who agreed to individual arbitration will receive an invitation to join this case. The Third Circuit has not addressed this issue; and the only two

Circuit Courts that have addressed the issue have concluded that district courts may not send collective action notice to putative collective members who agreed to individual arbitration. *See Bigger v. Facebook, Inc.* 947 F.3d 1043, 1050 (7th Cir. 2020). If individuals subject to an arbitration agreement are not eligible to receive notice of the collective action, the scope of the issues will be significantly narrowed and the parties will avoid greatly multiplying the number of proceedings. Moreover, discovery may also be streamlined and simplified, as will the decertification, summary-judgment, and trial stages of the case.

Therefore, the portion of the March 15, 2021 Memorandum and accompanying Order (Dkt. Nos. 127 and 128) affected by the Arbitration Question involves a controlling question of law as to which there is substantial grounds for difference of opinion and an immediate appeal from the orders will materially advance the ultimate termination of the litigation.

The Court will amend its March 15, 2021 Memorandum and accompany order (Dkt. Nos. 127 and 128), consistent with Federal Rule of Appellate Procedure 59(a)(3), to provide permission for Wells Fargo to immediately appeal the portion of those orders covered by the Arbitration Question under 28 U.S.C. § 1292(b).

IT IS SO ORDERED.

Signed this ____ day of _________, 2021.

______________________________
Hon. Robert J. Colville
United States District Judge