# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA BRUNO, on behalf of herself and similarly situated employees,<br><br>    Plaintiff,<br><br> v.<br><br>WELLS FARGO BANK, N.A.<br><br>    Defendant. | Civil Action No. 2:19-cv-00587-RJC |

**DECLARATION OF MICHELLE WILKIE**

I, Michelle Wilkie, declare as follows:

1. I work for Wells Fargo Bank, N.A. ("Wells Fargo" or the "Bank") as an Employee Relations Senior Consultant. I have worked for Wells Fargo for about 36 years, including about 26 years in Employee Relations. I affirm that the following facts are true and based upon my personal knowledge, and, if called as a witness, I could and would testify competently to the facts contained herein.

2. In 2015, Wells Fargo implemented an arbitration policy, under which all of its team members, including Home Mortgage Consultants ("HMCs"), Junior Home Mortgage Consultants, Private Mortgage Bankers, and Junior Private Mortgage Bankers hired after December 11, 2015 are required to agree to arbitrate employment disputes between them and the Bank, including disputes regarding wage and hour claims under the FLSA and similar state laws. A true and correct copy of the arbitration agreement ("Agreement") between team members and the Bank is attached as Exhibit A.

3. Wells Fargo's arbitration policy is set out in the Wells Fargo Employee Handbook, which makes clear that "All employees hired on or after December 11, 2015 are

required to sign an Arbitration Agreement in which the employee and Wells Fargo mutually agree to final and binding arbitration of employment disputes . . . ." A true and correct copy of the relevant page from the August 2020 Wells Fargo Employee Handbook is attached as Exhibit B.

4. The Agreement is subject to the Federal Arbitration Act, covers claims for wages, including Fair Labor Standards Act claims, and contain class, collective, and representative action waivers.

5. I understand that the Court in this case has granted conditional certification of a collective including all individuals who have worked as HMCs, Junior HMCs, Private Mortgage Bankers, and Junior Private Mortgage Bankers for Wells Fargo nationwide since July 15, 2017. Based on Wells Fargo business records, the proposed collective includes approximately 7,836 individuals. Approximately 3,917 of the proposed collective members were hired after December 11, 2015, and therefore, have agreed to arbitrate pursuant to the Agreement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 26, 2021, at Scottsdale, Arizona.

*Michelle Wilkie*
Michelle Wilkie

2

# EXHIBIT A

# Wells Fargo Mutual Arbitration Agreement



Wells Fargo and I mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration. Except as noted below, Wells Fargo and I agree to waive our rights to pursue any Claims in court or before a jury. This Agreement is subject to the Federal Arbitration Act.

**COVERED CLAIMS:** The Claims covered by this Agreement with any Wells Fargo entity, its officers, directors, shareholders, employees, agents, parent companies, subsidiaries, affiliates, predecessors, successors, and assigns (collectively "Wells Fargo") include, but are not limited to, claims for discrimination, harassment, retaliation, tortious conduct, wrongful discharge, breach of contract, promissory estoppel, expense reimbursement, wages, compensation, or claims for violations of any federal, state, or local statute, regulation, or common law, including, but not limited to, Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Rehabilitation Act, the Equal Pay Act, Worker Adjustment and Retraining Notification Act, Family and Medical Leave Act, the Fair Labor Standards Act, and all applicable amendments.

This Agreement shall not apply to worker's compensation claims, unemployment compensation benefit claims, or claims for benefits under the Employee Retirement Income Security Act. This Agreement does not prevent either party from seeking temporary injunctive relief in court as long as that action is brought on an individual basis. If temporary injunctive relief is sought in court, the underlying merits dispute must still be resolved through arbitration. This Agreement does not preclude me from filing Claims with governmental agencies, and I will not be subject to retaliation for legally protected activity.

**AAA RULES & PROCESS:** Except for matters arbitrated with FINRA under FINRA rules as noted below, Wells Fargo and I agree that arbitration shall be conducted by single neutral arbitrator in accordance with the American Arbitration Association's ("AAA") Employment Arbitration Rules and Mediation Procedures to the extent they do not conflict with this Agreement or applicable law. Information about rules and filing procedures is available at adr.org. The hearing shall take place in or near the city where I am or was last employed by Wells Fargo. The parties shall have the right to conduct adequate discovery necessary to the full and fair exploration of the case, file dispositive motions, and present witnesses and evidence. The arbitrator is authorized to grant all remedies available under applicable law. The arbitrator shall apply the applicable law and, in AAA matters only, provide a written decision summarizing the essential findings of fact and conclusions of law on which the decision is based.

**FEES & COSTS:** Fees and costs for FINRA matters shall be governed by then-current FINRA rules in all respects. For AAA matters, other than the filing fee I must pay the AAA to start the arbitration proceeding, Wells Fargo will pay all costs unique to arbitration, including any further filing fees, arbitrator fees, or AAA administrative fees. If Wells Fargo starts an AAA arbitration proceeding, Wells Fargo will pay the filing fee, plus any required deposit and costs of the arbitration proceeding. Unless ordered by the arbitrator in accordance with applicable law, each party shall be responsible for their own attorney, witness, and expert fees and costs.

**CLASS, COLLECTIVE AND REPRESENTATIVE ACTION WAIVER:** Claims must be brought in arbitration on an individual basis only, and I agree to waive the right to initiate or participate in a class, collective, or representative action (collectively "Class Action"). Additionally, the arbitrator shall have no authority to consolidate Claims of different employees into one proceeding. Any challenges to the enforceability of this class action waiver shall be decided only by a court, not an arbitrator. To the extent the court deciding arbitrability deems certain claims arbitrable and others non-arbitrable, the non-arbitrable claims shall be stayed until the final disposition of the arbitrable claims.

**FINRA REGISTERED TEAM MEMBERS:** If I am registered with the Financial Industry Regulatory Authority ("FINRA") and have agreed to arbitrate Claims against a Wells Fargo entity pursuant to a FINRA Form U-4 ("WF Registered Firm"), Wells Fargo and I will arbitrate, under the then-current FINRA rules, any disputes with the WF Registered Firm concerning my application for employment, employment, or separation of employment, to the extent that Claims may be arbitrated at FINRA for resolution through final and binding arbitration. Information about rules and filing procedures is available at finra.complinet.com. Wells Fargo and I agree that the disputes to be resolved through FINRA-arbitration include, without limitation, any statutory claims of employment discrimination and/or harassment. Wells Fargo and I also agree that if a Claim cannot be arbitrated before FINRA, or is excluded from (or not subject to) FINRA arbitration, that Claim shall be arbitrated before AAA on an individual basis under this Agreement. For example, if I assert, directly or as an absent class member, a Claim on a class, collective, or representative basis that cannot be FINRA arbitrated, that Claim shall be arbitrated on an individual basis only before the AAA.

**MISCELLANEOUS:** My employment remains at-will, and this Agreement supersedes prior arbitration agreements. If any provision of this Agreement is held to be void, null or unenforceable, such provision should be severed and the remaining portions will remain in full force and effect. I may consult legal counsel before I sign this Agreement.

\_\_\_REDACTED_____    \_\_\_REDACTED_____
Team Member's Signature                  Date

\_\_\_REDACTED_____    \_\_\_REDACTED_____
Print Name                               Employee ID

Digitally signed by CARCO GROUP, Inc.
Reason: To verify that this document has not been altered in any way.

# EXHIBIT B



# Wells Fargo Employee Handbook

For employees in the U.S.

August 2020



**Arbitration**

*Employees hired on or after December 11, 2015*

If you've discussed your employment dispute with management and Employee Relations, and it is still unresolved as described above, arbitration offers a more efficient, flexible, and private alternative to court to allow employee claims to be heard. The arbitrator makes the final decision, which is binding for both you and Wells Fargo. Registered employees are already required to arbitrate many claims through the Financial Industry Regulatory Authority.

All employees hired on or after December 11, 2015, are required to sign an Arbitration Agreement in which the employee and Wells Fargo mutually agree to final and binding arbitration of employment disputes (with very limited exceptions outlined in the agreement or as otherwise provided by Wells Fargo for certain claims). The agreement to resolve disputes through arbitration doesn't alter or modify Wells Fargo's "employment at will" policy. If the eligible employee believes arbitration is the best recourse, discuss this option with Employee Relations, as there is a cost for arbitration, which is outlined in the Arbitration Agreement. Please review the Arbitration Agreement for additional details about the arbitration process.

**Employee Assistance Consulting (EAC)**

If you require emotional support in preparation for a conversation with your manager or following the dispute resolution process, contact Employee Assistance Consulting (EAC) at its direct number 24 hours a day, 7 days a week at 1-888-327-0027. You can also contact EAC when you call 1-877-HRWELLS (1-877-479-3557), option 4. Visit the Employee Assistance Consulting site on Teamworks for more information.

## Termination Decision

**Termination decision review**

If your employment is terminated involuntarily (see Involuntary Termination) or for job abandonment and you want to have that decision reviewed, contact ER Solutions by completing the Employee Relations eForm as soon as possible following the termination (normally within 30 days). If you do not have access to submit an eForm, you may call 1-877-HRWELLS (1-877-479-3557), option 3, and a Team Member Care representative will provide appropriate process guidance. Once any additional review is complete, the matter will be closed and further review will only be considered if new, relevant, and substantive information is provided.

## Third-Party Representation

It is the intent of all Wells Fargo policies to provide a productive and respectful work environment. We respect your right to communicate directly, on an individual basis, with your manager, your manager's manager, or your ER Solutions team about any of the terms or conditions of your employment. Within our work environment, we believe that those who are also Wells Fargo employees can be more responsive to your needs and concerns than anyone outside of the company, such as an attorney, labor organization, association, or group.

For that reason, we conduct employee communications and problem-solving, as well as performance counseling, corrective action, and internal investigations, without participation by an individual or a "representative" who is not a Wells Fargo employee. You're expected to cooperate fully and honestly and maintain the integrity of the process.

If you encounter any problems on the job, bring your concerns to your manager or your ER Solutions team. They're willing to discuss any work-related problem, issue, or concern with you on a direct, person-to-person basis.