IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA BRUNO, on behalf of herself and similarly situated employees,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　　Defendant. | Civil Action No. 2:19-cv-00587-RJC |

**WELLS FARGO'S BRIEF IN SUPPORT OF EXPEDITED
MOTION TO STAY DEADLINE FOR PRODUCTION OF CONTACT
INFORMATION FOR HMCs, OR ALTERNATIVELY, ARBITRATION HMCs**

Wells Fargo Bank, N.A. ("Wells Fargo") files this brief in support of its expedited motion to stay the deadline for production of collective members' contact information.

**INTRODUCTION**

Wells Fargo has requested interlocutory review of the Court's March 15 order directing that Home Mortgage Consultants ("HMCs") with arbitration agreements ("arbitration HMCs") be included in the group of HMCs to receive notice of this case.[1] But interlocutory review may not be possible unless the Court stays the April 14 deadline for producing the collective's contact information, thus allowing Bruno to send notice of this case to collective members. Therefore, Wells Fargo seeks a stay of this deadline.

Alternatively, Wells Fargo requests a partial stay of the deadline—so that only the deadline for producing contact information for arbitration HMCs is stayed. Under this alternative proposal, Wells Fargo will produce contact information for non-arbitration HMCs on April 14, and notice to them may proceed as scheduled.

---

[1] *See* Dkt. Nos. 127 and 128.

Once notice is sent, it cannot be recalled. And here, sending notice to arbitration HMCs will double the size of the collective, from approximately 3,900 HMCs to 7,800 HMCs.[2] The Supreme Court has identified four factors to consider when evaluating whether to grant a stay pending appellate review, all of which favor a stay in this case.[3] First, Wells Fargo has at least "a reasonable chance, or probability, of winning" on appeal.[4] Both the Fifth and Seventh Circuits—the only circuit courts that have addressed this issue—have adopted Wells Fargo's position here. That is, both Courts have held that sending notice to arbitration employees is improper because it misinforms the employees "that they may join the action when, in truth, they may not."[5] The Third Circuit has not yet ruled on this issue. But given the state of the law, Wells Fargo has a reasonable chance of prevailing.

Second, as mentioned, if notice to arbitration employees is not stayed, Wells Fargo will suffer irreparable harm—the "futile attempts at joinder or the assertion of claims outside the collective proceeding" made by up to 3,900 additional HMCs.[6] Conversely, the collective will not be harmed if disclosure and notice are stayed, since the Court has tolled the statute of limitations.[7] Accordingly, as shown more fully below, a stay is warranted here.

---

[2] *See* Declaration of Michelle Wilkie ¶ 5 (attached as Exhibit 1 to Wells Fargo's brief in support of its motion for § 1292(b) certification). To be precise, the number of HMCs in the collective is 7,836. Of these, 3,917 were hired after Wells Fargo implemented its arbitration policy, and accordingly have entered into the Agreement (which is one HMC less than half).

[3] *See Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

[4] *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc).

[5] *See Bigger v. Facebook, Inc.* 947 F.3d 1043, 1050 (7th Cir. 2020); *see also, In re JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019).

[6] *See Bigger,* 947 F.3d at 1050; *see also, In re JPMorgan Chase & Co.*, 916 F.3d at 502 ("Notifying Arbitration Employees reaches into disputes beyond the "one proceeding.").

[7] *See* Dkt. Nos. 127 and 128. Further, given the applicable deadlines for interlocutory review, the fate of Wells Fargo's appellate-review efforts should be resolved quickly. *See* 28 U.S.C. § 1292(b); FED. R. APP. P. 5(b)(2).

**RELIEF REQUESTED**

Wells Fargo respectfully asks the Court to stay its March 15 conditional-certification order, embodied in Docket Nos. 127 and 128, in its entirety pending the Third Circuit's consideration of Wells Fargo's petition for permission to appeal—or, should this Court deny Wells Fargo's motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b), the Third Circuit's consideration of Wells Fargo's petition for writ of mandamus.

In the alternative, Wells Fargo respectfully asks the Court to stay that portion of its conditional-certification order that requires Wells Fargo to disclose contact information for arbitration HMCs.

**ARGUMENT**

Wells Fargo's efforts to obtain review are unlikely to be resolved before April 14, when Wells Fargo is required to produce the arbitration HMCs' contact information. Section 1292(b) allows courts to stay the proceedings pending the appellate court's decision on a petition for permission to appeal. The Supreme Court has instructed courts to consider four factors when deciding whether to grant a discretionary stay pending appeal: (1) the movant's likelihood of success on the merits; (2) irreparable injury to the movant absent a stay; (3) whether the stay will substantially injure other interested parties; and (4) public interest.[8] Although the first two factors are the most important, courts balance all four factors and consider their relative strength.[9] Here, all four factors favor a stay.

---

[8] *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

[9] *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

### A.     Wells Fargo has a reasonable chance of success.

The Third Circuit has made clear that, to show a "likelihood of success on the merits," a movant need not show that it is more likely to succeed than not.[10] Rather, the movant need only show "a reasonable chance, or probability, of winning."[11] Here, Wells Fargo's position is supported by the decisions of both of the federal appellate courts to have considered the issue. This alone yields a "reasonable chance" that Wells Fargo will succeed at the Third Circuit.

Further, as the Fifth Circuit observed in *JPMorgan*, "Federal district courts, in at least 210 decisions, have wrestled with the applicability of arbitration agreements at the conditional-certification stage of FLSA suits."[12] Hence, the question whether arbitration employees should receive notice in FLSA collective actions is a pressing issue facing district courts across the country. At a minimum, reasonable minds can differ on the issue—and like the Seventh and Fifth Circuits, many district courts have adopted Wells Fargo's position here.  This confirms that Wells Fargo's position has a reasonable chance of prevailing on appeal. The first factor thus weighs in favor of granting a stay.

### B.     Without a stay, Wells Fargo will suffer irreparable harm.

Nineteen days after this filing, Wells Fargo will be required to produce contact information to Bruno's counsel for the arbitration HMCs, and notice will be sent to them shortly thereafter. Unless the conditional-certification order is stayed, Wells Fargo will be deprived of any practical relief. Once the notices are issued, they cannot be recalled.  The entire collective—including arbitration HMCs—will have been notified and can never be un-notified.

---

[10] *Revel AC*, 803 F.3d at 568-69.

[11] *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc).

[12] *JPMorgan,* 916 F.3d at n.5.

4

Allowing notice to the arbitration HMCs will require the parties to litigate motions to dismiss and/or to compel arbitration and would significantly increase the number of proceedings. Moreover, Bruno will "wield the collective-action format for settlement leverage" by doubling the size of the collective with ineligible litigants.[13] This irreparable harm warrants a stay of the Court's conditional-certification order.

### C.    A stay will not harm the collective.

Bruno and the putative collective will suffer no prejudice if a stay is granted. First, the Court has ordered equitable tolling of the statute of limitations.[14] Second, a stay is highly unlikely to create a protracted delay:  Given the applicable deadlines under § 1292(b), the Third Circuit will have both Wells Fargo's petition for permission to appeal and Bruno's answer within 20 days after this Court's certification under § 1292(b).[15] Because such petitions are usually decided without oral argument,[16] the fate of Wells Fargo's petition should be known soon after filing.[17]

### D.    The public-interest factor also favors a stay.

District courts across the county have been wrestling with this pressing issue. *See JPMorgan,* 916 F.3d at n.5 ("Federal district courts, in at least 210 decisions, have wrestled with the applicability of arbitration agreements at the conditional-certification stage of FLSA suits."). The public has an interest in obtaining clarity on this issue and  the interaction between the

---

[13] *Bigger*, 947 F.3d at 1049.

[14] *See* Dkt. Nos. 127 and 128.  To be clear, Wells Fargo opposes the Court's equitable-tolling order. Nonetheless, because Bruno successfully obtained the order to avoid limitations-related prejudice, she cannot now argue that the requested stay will prejudice the claims of potential opt-ins.

[15] *See* 28 U.S.C. § 1292(b); FED. R. APP. P. 5(b)(2).

[16] *See* FED. R. APP. P. 5(b)(3).

[17] The same will be true should Wells Fargo file a petition for mandamus, since the Third Circuit must give the Petition such priority under Federal Rule of Appellate Procedure 21(b)(6).

FLSA and the FAA—two statutes of great significance. Accordingly, all four factors weigh in favor of granting a stay while Wells Fargo seeks appellate relief.

### THE COURT SHOULD DECIDE THIS MOTION ON AN EXPEDITED BASIS

Given the impending deadlines—and the irreversible consequences that will ensue if they remain effective—Wells Fargo respectfully asks the Court to order an abbreviated briefing schedule on this motion and to consider this motion on an expedited basis. *See* Standing Order and Procedures Re: Civil Motion Practice ¶ 4(b)(i).

Should the Court decline to issue a § 1292(b) certification or to stay the notice deadline, Wells Fargo plans to seek a writ of mandamus and a stay from the Third Circuit. It will need adequate time to do so, and therefore requests expedited consideration of this motion.

### CONCLUSION

For these reasons stated herein, and in light of the pending deadlines, Wells Fargo asks the Court consider this motion on an expedited basis and grant the relief described in the "Relief Requested" section above.

Dated: March 26, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: s/ Timothy M. Watson
Timothy M. Watson (*pro hac vice*)
John P. Phillips (*pro hac vice*)
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-2300
Facsimile: (713) 225-2340
Email: twatson@seyfarth.com
       jphillips@seyfarth.com

Gina Merrill (*pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
Email: gmerrill@seyfarth.com

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

I, Timothy M. Watson, an attorney, do hereby certify that, on March 26, 2021, I have caused a true and correct copy of the foregoing document to be filed using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

s/ Timothy M. Watson
Timothy M. Watson