UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
:
SANDRA BRUNO, :
on behalf of herself and :
similarly situated employees, :
: Civil Action No. 2:19-cv-00587-RJC
*Plaintiff*, :
:
v. : Electronically Filed
:
WELLS FARGO BANK, N.A., :
:
*Defendant*. :
:
------------------------------------------------------- x

<u>ORDER GRANTING PRELIMINARY APPROVAL OF</u>
<u>FLSA COLLECTIVE SETTLEMENT AND RULE 23 CLASS ACTION</u>
<u>SETTLEMENTS</u>

Before the Court is the Named Plaintiffs' Unopposed Motion for Preliminary Approval of the FLSA Collective Settlement and the Rule 23 Class Action Settlements ("Motion") and the pertinent materials filed with that motion. For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

1.  **Preliminary Certification of the Rule 23 NY Class and Rule 23 PA Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Pennsylvania state law settlement class and the New York state law settlement class, as defined in the Settlement Agreement and Release between the Parties (the "Agreement"), meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed Rule 23 Classes:

    **Rule 23 NY Class Members:**

    All Eligible Rule 23 NY Class Members who worked at least one Qualifying Workweek for Wells Fargo in New York in the HMC position at any time between March 6, 2014 and

February 25, 2023 and are not Arbitration Employees, as that term is defined in the Agreement.

**Rule 23 PA Class Members:**

All Eligible Rule 23 PA Class Members who worked at least one Qualifying Workweek for Wells Fargo in Pennsylvania in the HMC position at any time between May 17, 2016 and February 25, 2023 and are not Arbitration Employees, as that term is defined in the Agreement.

Together, these are the "Eligible Rule 23 NY Class Members and Eligible Rule 23 PA Class Members." Not later than thirty (30) calendar days after the date of this Order, Defendant will provide the Settlement Administrator with the Class List containing all known or last known names, addresses, personal phone numbers (if available and reasonably accessible), personal email addresses (if available and reasonably accessible), Social Security numbers, dates of employment in the HMC position during the applicable Relevant Period(s), and number of Qualifying Workweeks in the HMC position during the applicable Relevant Period(s) for the Eligible Class Members as well as for the FLSA Collective Members. The Settlement Administrator will then complete allocations to the Eligible Class Members as well as the FLSA Collective Members based on the Class List data.

2. **Nullification.** This Order and the Agreement will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court, if the Agreement is nullified pursuant to its own terms, as set forth in Sections 8 and 29 of the Agreement, or if the Agreement, after being finally approved by the Court, is invalidated on appeal.

3. **Class Representatives.** The Court grants approval to the Named Plaintiffs set forth in the Agreement to serve as Class Representatives with respect to the settlement.

4. **Class Counsel.** The Court appoints The Employment Rights Group, LLC, Fitapelli & Schaffer LLP, Chivers LLP, and John Linkosky & Associates as Class Counsel for the Settlement Class.

5. **Preliminary Approval of the Agreement**. The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate, and a fair and reasonable resolution of a *bona fide* dispute among the parties, and is therefore preliminarily approved subject to further consideration thereof at the Final Approval Hearing, as provided in Paragraph 7 below. It is found that the Notices of the proposed settlement should be given as provided in the Agreement and set forth in Paragraph 8 below.

6. **Settlement Administrator.** Rust Consulting is approved as the Settlement Administrator of the settlement as set forth in the Agreement.

7. **Final Approval Hearing.** Under Rule 23(e) of the Federal Rules of Civil Procedure, a Final Approval Hearing (also referred to as a Fairness Hearing) will be held on February 15, 2024, at 10:00 am in Court Room 8C of the Federal Court House at 700 Grant Street, Pittsburgh, PA 15219 to consider final approval of the Agreement. The date and time of the Final Approval Hearing shall be set forth in the Notices, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Rule 23 Class Members or the FLSA Collective Members other than that which may be posted by the Court.

8. **Notice to the Class.** The Settlement Notices (the "Notices") to the Eligible Rule 23 PA Class Members and the Eligible Rule 23 NY Class Members in the form set forth in Exhibit A of the Agreement, and to the FLSA Collective Members in the form set forth in Exhibit B of the Agreement, are approved. The Court orders that the Settlement Administrator mail the Notices as

set forth in the Agreement to the Eligible Rule 23 PA Class Members and Eligible Rule 23 NY Class Members and to the FLSA Collective Members.

9. **Exclusion from the Settlement**. Any Eligible Rule 23 PA Class Members and any Eligible Rule 23 NY Class Members who do not wish to participate in the settlement may request exclusion from the class by submitting a written statement to the Settlement Administrator indicating that he or she does not wish to participate in or be bound by the Settlement as applied to such member's state law and common law claim(s). To be effective, such request for exclusion must include the Eligible Rule 23 PA Class Member's or the Eligible Rule 23 NY Class Member's full name, address, telephone number, personal email address (if any), and last four digits of his/her Social Security number, and must be signed individually by him/her. No group exclusions are permitted. Such written statement must be postmarked no later than the Notice Deadline, as that term is defined in the Agreement. Class Counsel shall be responsible for compiling and filing a list of any exclusions with the Court no later than 14 days before the Final Approval Hearing.

10. **Objections.** Any Eligible Rule 23 PA Class Member or Eligible Rule 23 NY Class Member who wishes to present objections to the proposed settlement at the Fairness Hearing must, no later than the Notice Deadline, mail an individually signed written statement objecting to the Settlement to the Settlement Administrator, including his or her name, address, telephone number, personal email address (if any), and last four digits of his/her Social Security number. The postmark date of the mailing shall be the exclusive means for determining that an objection is timely. No group objections are permitted. The written objection must state the specific basis for the objection in order to be considered by the Court. Class Counsel shall be responsible for filing any written objections with the Court no later than 14 days before the Final Approval Hearing.

11. **Withdrawal of Consent by FLSA Collective Member(s)**. Any FLSA Collective Member who wishes to withdraw his or her consent to join the Lawsuit as a party plaintiff and thereby opt out of the Settlement must, no later than the Notice Deadline, notify Class Counsel of his or her intent to withdraw in a written notice individually signed by the FLSA Collective Member ("Withdrawal Notice"). No group withdrawals are permitted. Class Counsel shall effectuate the Withdrawal Notices by filing them with the Court no later than ten (10) days after the Notice Deadline, and no later than fourteen (14) days before the Final Approval Hearing.

12. **Motion for Attorneys' Fees, Costs, and Enhancement Awards, and Filing of Exclusions, Withdrawals and Objections.** At least fourteen (14) days before the Final Approval Hearing, Class Counsel shall file their motion for attorneys' fees and costs, and for enhancement awards, and shall also file a list and copy of any exclusions, withdrawals and objections.

13. **Effect of the Agreement**. All members of the Eligible Rule 23 PA Class Members and the Eligible Rule 23 NY Class Members who do not timely and properly exclude themselves from the class, and all FLSA Collective Members who do not timely withdraw from this action, will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval.

14. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

15. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement or as the Court otherwise determines are necessary, are stayed and suspended until further order of the Court.

16. **Use of Agreement and Ancillary Terms.** Neither the Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

SO ORDERED:  August 30, 2023

*s/Robert J. Colville*
Hon. Robert J. Colville